**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANNTWANETTE JONES and LUCINDA ALLARD, *individually, and on behalf of a class of similarly situated persons*,<br><br>                        Plaintiffs,<br><br>v.<br><br>PHH MORTGAGE CORPORATION D/B/A PHH MORTGAGE SERVICES,<br><br>                        Defendant. | Case No: 1:23-cv-01040-CPO-SAK |

## OPINION AND ORDER

This matter is before the Court on the unopposed Consolidated Motion to Seal filed by the parties [ECF No. 149] concerning Defendant PHH Mortgage Corporation's ("PHH") request for certain exhibits to be maintained under seal. The motion is supported by the Declaration of Sherri L. Goodman [ECF No. 149-1] and an Index [ECF No. 149-2]. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, the motion is **GRANTED**.

On February 22, 2023, Plaintiffs filed this action against PHH asserting claims relating to convenience fees charged by PHH. *See* Compl. [ECF No. 1]. Following discovery, the parties cross-moved for summary judgment on Plaintiffs'

remaining claims for violation of Section 349 of New York's General Business Law, and violation of the Fair Debt Collection Practices Act.  Plaintiffs also moved to certify classes of borrowers asserting those claims.  The summary judgment and class certification motions are now fully briefed.

In connection with briefing those motions, Plaintiffs filed with the court two nearly identical sets of exhibits with the Declaration of Katherine Aizpuru, Esq. (ECF Nos. 135 & 136).  Docket Entry 135 was the initial entry for Ms. Aizpuru's declaration.  It included 47 exhibits as attachments.  Docket Entry 136 consisted of Plaintiffs' summary judgment brief, which attached as exhibits Plaintiffs' statement of undisputed material facts and Ms. Aizpuru's declaration, plus the same 47 exhibits filed in Docket Entry 135.  Docket Entry thus contained 49 exhibits, but only the 47 exhibits attached to Ms. Aizpuru's declaration in Entries 135 and 136 are at issue in this motion.  All of those exhibits were filed provisionally under seal.

The Consolidated Motion asks the Court for an order maintaining under seal 3 of those 47 exhibits attached to Ms. Aizpuru's declaration: specifically, ECF Nos. 135-19, -21 and -28, and ECF Nos. 136-21, -23, and -30. The exhibits are internal presentations at PHH consisting of sensitive financial information and business strategy.  PHH claims that "public disclosure of the sensitive business information in [these] exhibits would cause competitive harm and injury to PHH."

2

Goodman Decl. Index.  PHH argues that, if the materials were unsealed, competitors in the marketplace "could use this information when bidding against PHH for the rights to service portfolios of mortgages."  Goodman Decl. ¶3.  PHH also argues that public disclosure of the information "would allow participants in the marketplace to discover terms that PHH may agree to when negotiating transactions and deals with PHH," *id*. at ¶4, and that public disclosure of its plans for improving customer service and making corporate investments would allow competitors to use PHH's own ideas to compete against it and to plan investments to "counter or offset the competitive advantage that PHH hopes to gain by making those investments."  *Id*. at ¶5. Plaintiffs do not oppose PHH's request, nor are there objections by any non-parties to PHH's request.

It is well established that there exists "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988)). This right of access is not absolute, however, and must be balanced against countervailing interests in confidentiality. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) (citation omitted); *see also In re Cendant Corp.*, 260 F.3d at 194 (noting that "[t]he presumption of public access may be rebutted"). To overcome the presumption, a party must demonstrate that "good cause" exists for protection of the material at issue. *Securimetrics, Inc. v.*

3

*Iridian Techs., Inc.*, No. 03-4394, 2006 WL 827889, at \*2 (D.N.J. Mar. 30, 2006). "Good cause exists when a party makes a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

In this District, motions to seal are governed by Local Civil Rule 5.3, which requires the moving party to describe with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. *See* L. CIV. R. 5.3(c)(3). "Generally, a court will protect materials containing 'trade secret[s] or other confidential research, development, or commercial information' to prevent harm to a litigant's competitive standing in the marketplace." *Faulman v. Sec. Mut. Fin. Life Ins.*, No. 04-5083, 2006 WL 1541059, at \*1 (D.N.J. June 2, 2006) (alteration in original) (citations omitted); *see In re Gabapentin Patent Litig.*, 312 F. Supp. 2d. 653, 644 (D.N.J. 2004) ("A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'"); *see also* FED. R. CIV. P. 26(c)(1)(G).

Here, PHH satisfies the requirements of Local Civil Rule 5.3. It has sufficiently described the nature of the materials it seeks to maintain under seal, and has narrowly tailored its request to protect legitimately competitively sensitive information.

The Court finds, as PHH contends, that if the information in ECF Nos. 135-19, -21 and -28, and ECF Nos. 136-21, -23, and -30 were made publicly available, PHH's present and future business interests could be subject to injury. Similarly, given the fact that it seeks to seal only 3 of 47 exhibits, and in light of the narrow tailoring of its request and the sensitivity of the information sought to be protected, the Court agrees that the only way to protect PHH's legitimate commercial interests is to seal the subject materials.

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this 9th day of July, 2026, that the unopposed Consolidated Motion to Seal [ECF No. 149] is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to maintain under seal ECF Nos. 135-19, 135-21, 135-28, 136-21, 136-23 and 136-30; and it is further

**ORDERED** that the remaining documents in docket entries 135 and 136 that are not identified in the preceding paragraph shall be unsealed and filed on the public docket.

Christine P. O'Hearn
United States District Judge